(45 South. 961.)

No. 16,773.

SOUTHERN SAWMILL CO., Limited, v. BALDWIN LUMBER CO., Limited.

(March 2, 1908.)

SPECIFIC PERFORMANCE — PLEADING — CONTRACT—CONDITIONS PRECEDENT.

Where the petition alleges that plaintiff has elected to accept an option whereby, under a contract with defendant for the delivery of 5,000,000 feet of lumber, an additional 5,000,000 feet were to be delivered at prices to be fixed under certain conditions, by a named third person, and there is no allegation that the prices have been fixed, and plaintiff prays judgment condemning defendant to deliver the lumber, an exception of "no cause of action" should be sustained; and where in such case, upon the trial on the merits, plaintiff proves no more than is alleged, the demand is properly rejected.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 356–372.]

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Action by the Southern Sawmill Company, Limited, against the Baldwin Lumber Company, Limited. Judgment for defendant, and plaintiff appeals. Affirmed.

Pierson, Walton & Pierson and Foster, Milling & Godchaux, for appellant. Charles Frank Borah, for appellee.

MONROE, J. Plaintiff sues on a contract under which defendant agreed to deliver 5,000,000 feet of lumber at prices agreed on, and article 12 of which reads:

"The first party [defendant] grants and gives the second party the option, at the fulfillment and determination of this contract, to extend the contract to include another 5,000,000 feet of lumber, under the terms, specifications, and conditions of this agreement, as though this contract should include 10,000,000, instead of 5,000,-000 feet, and at the prices herein fixed but subject to the fluctuations of the market in the prices at the termination of this contract; that is to say, the prices fixed in this contract shall be on the basis for the price of the additional 5,000,000 feet under this option as relates to the prices which shall prevail at the termination hereof, and, if the market shall then be higher than now, the difference shall then be added to the prices herein fixed and specified, but, if lower, the same shall be deducted, the price to be fixed, then, relatively to the price now prevailing, and raised or lowered in proportion to the prices being higher or lower than now, and said prices shall then be fixed and determined by the Southern Cypress Co., in accordance with these stipulations; that is, if said second party shall elect to exercise the option herein granted."

The petition alleges that the first 5,000,000 feet of lumber actually contracted for were delivered, and that as the contract was about to be executed in that respect plaintiff elected to extend it so as to include the additional quantity provided for in article 12, and so notified defendant by means of a written communication of which a copy is annexed to and (with the contract) made part of the petition, but that defendant refuses to deliver the 5,000,000 feet additional at the rate of 200,000 feet per month, as required by article 1 of the contract, and is now delivering lumber to other parties. Wherefore plaintiff prays for citation and for judgment against defendant—

"decreeing that it do manufacture and deliver to petitioner the said additional 5,000,000 feet of cypress lumber, at the rate of not less than 200,000 feet, nor more than 300,000 feet, during each calendar month hereafter, beginning with some specified month, to be fixed by the court; that in default by said defendant of making said deliveries to the full amount of 5,000,000 feet of the sizes, grades, qualities, and specifications of said contract, petitioner's right to sue for and recover the full value thereof, with all the damages arising from said default, be reserved; that said defendant be enjoined, inhibited, and restrained from making any deliveries to other persons of any cypress lumber manufactured by it in violation, or in disparagement, of its agreement to deliver not less than 200,000 feet of said lumber to this petitioner,

and that said defendant be enjoined, inhibited, and restrained from otherwise actively violating its obligations under the said contract * * * to manufacture and deliver to petitioner not less than 200,000 feet of said lumber per month for each and every calendar month successively —that said defendant be decreed and ordered to specifically comply with, and perform, the said contract * * * by manufacturing and delivering to petitioner the 5,000,000 feet of lumber called for by said contract, and of the sizes, grades, and quality therein specified, upon petitioner's complying with its obligations in reference to the same, and petitioner further prays for all necessary orders," etc.

It is nowhere alleged that the Southern Cypress Company has ever fixed the prices at which the lumber in question was to be furnished, or, that it was ever requested so to do, or that defendant ever refused to consent that the prices should be so fixed, or that the prices have ever been fixed in any other way, and the letter (of May 10, 1906) annexed to the petition throws no light on that subject, since it is merely a formal notice that on the fulfillment of the original contract the Southern Sawmill Company will elect to extend that contract to include an additional 5,000,000 feet of lumber, as provided by clause 12 of said original contract, * * * upon the terms, specifications, and conditions of said original contract."

The judge a quo overruled defendant's exception of "no cause of action," but after trial on the merits rejected plaintiff's demand. We are of opinion that the exception was well pleaded, it being patent on the face of the petition that defendant is under no obligation to deliver lumber for which no prices have been fixed, either as specified in the contract or otherwise, and it not appearing that defendant is any more at fault than plaintiff for the failure of the Southern Cypress Company to fix the prices as contemplated by the contract. On the merits, plaintiff proved no more (but rather less) than it alleges.

The judgment appealed from is accordingly affirmed.